IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| KAISER GROUP INTERNATIONAL, INC., et al. | ) Case Nos. 00-2263 to 00-2301 (MFW) |
| | ) |
| Debtors | ) |
| | ) |
| James D. Pippin and the Class of ICT Spectrum Bankruptcy Claimants, | ) Civil Action No. _____ |
| | ) |
| Appellants, | ) |
| v. | ) |
| | ) |
| Kaiser Group International, Inc., et al. | ) |
| | ) |
| Appellees. | ) |

**EMERGENCY MOTION FOR EXPEDITED ACTION ON THE
APPEAL OF THE BANKRUPTCY COURT'S JUNE 2, 2005 ORDER**

Appellants James D. Pippin and the Class of ICT Spectrum Claimants ("Appellants" or the "Spectrum Claimants") have appealed under 28 U.S.C. § 158(a) from the Order entered by the Honorable Mary F. Walrath, Bankruptcy Judge, on June 2, 2005, denying the Spectrum Claimants' Motion for a Stay of the De-Registration of Kaiser Group Holdings Common Stock Pending the Final Disposition of the Bankruptcy Court's February 2, 2004 Order, a copy of which is attached as part of Exhibit A to the Affidavit of Michael S. Tarringer in Support of this Motion.[1]

---

[1] The Affidavit of Michael S. Tarringer in Support of Emergency Motion for Expedited Action on the Appeal of the Bankruptcy Court's June 2, 2005 Order ("Tarringer Aff.") with accompanying exhibits is being filed concurrently with Appellants' Motion and Supporting Memorandum.

The Spectrum Claimants have filed this appeal on an emergency basis and hereby request expedited action pursuant to Bankruptcy Rule 8011(d) on the ground that, to avoid irreparable harm, relief is needed in less time than would normally be taken by the District Court to consider a bankruptcy appeal, and in support thereof aver as follows:

1. On February 2, 2004, the Bankruptcy Court entered an Order granting the Pippin Motion for Resolution of the Class Claim after a full hearing on the matter. *See* Exhibit B to Tarringer Aff.

2. In satisfaction of their Class Proof of Claim, the February 2 Order awarded Pippin and the Class 247,350 shares of Kaiser Group Holdings New Common Stock in addition to 15,625 shares of New Common Stock already due to be distributed to Pippin and the Class. *Id.*

3. Debtors then filed a Motion for Reconsideration of the Bankruptcy Court's February 2 Order. The motion was denied on March 24, 2004, after a full hearing on the matter.

4. On March 29, 2004, Debtors filed a Notice of Appeal of the Bankruptcy Court's February 2 Order. The appeal has been fully briefed and is currently pending before this Court.

5. Since the effective date of the Plan of Reorganization, including at the time of the 2004 hearings on the Motion for Resolution of the Pippin Class Proof of Claim when the Bankruptcy Court granted and denied reconsideration of the Motion, Kaiser Group Holdings New Common Stock has been registered with the Securities and Exchange Commission ("SEC").

6. In response to the Spectrum Claimants' attempt to execute on the Bankruptcy Court's February 2 judgment, Debtors moved for a Stay of the Bankruptcy Court's February 2, 2004 Order. After an August 18, 2004 hearing on the matter, *see* Exhibit C to Tarringer Aff., the Bankruptcy Court, on October 5, 2004, granted Kaiser's Motion for a Stay of the Court's February 2, 2004 Order pending the final completion of all appellate proceedings, conditioned on Kaiser continuing to set aside and hold all 262,975 shares of New Common Stock for the benefit of the Spectrum Class, pending further Order of the Bankruptcy Court. *See* Exhibits D and E to Tarringer Aff.

7. Kaiser Group Holdings New Common Stock is currently being traded over the counter on the "Pink Sheets" (common symbol KGHI.PK; preferred symbol KGHIP.PK). The "Pink Sheets" is a centralized quotation service that collects and publishes market maker quotes in real time, primarily though its web site, http://www.pinksheets.com.

8. On April 7, 2005, Kaiser announced that its Board of Directors has approved a 1-for-20 reverse stock split of its common stock. The proposed reverse split is subject to approval by the holders of a majority of the voting power of issued and outstanding shares of Kaiser Group common and preferred stock at Kaiser's next annual meeting, currently expected to be held some time during the month of July of this year.

9. According to information released by Kaiser, the purpose of the reverse split is to reduce the number of Kaiser stockholders to below 300, thereby allowing the Company to terminate its SEC reporting obligations. As a result, Kaiser would no longer be required to file periodic reports, including Forms 10-K, 10Q and 8-K, and other

information with the SEC, which Kaiser claims would result in cost-saving benefits to the Company.

10. As discussed in the Declaration of Dr. Craig McCann, attached as Exhibit B to the Spectrum Claimants' motion filed below (attached as Exhibit F to the Tarringer Aff.), Kaiser's actions are expected to result in substantial harm to the Spectrum Claimants while actually benefiting majority shareholders.

11. Indeed, Kaiser's own preliminary proxy materials, recently filed for consideration by the SEC, concede:

> Cessation of Public Sale Opportunities. Following the Reverse Split, the Company will apply for the termination of its SEC Reporting Obligations. It is possible that the public market for shares of the Company's Common Stock could be substantially reduced, although the Company intends for its Common Stock to continue to trade thought the Pink Sheets. Additionally, the Company does not have any present intention or plans to sell the Company or enter into any other transaction that would provide liquidity for the shares.

Kaiser's Schedule 14A, "Substantive Factors Disfavoring the Reverse Split" at 13, attached as Exhibit A to the Spectrum Claimants' motion (Exhibit F to Tarringer Aff.).

12. Upon the deregistration of Kaiser's stock, the Company's common and preferred shares will no longer be listed on the Over-the-Counter Bulletin Board.

13. Pursuant to Bankruptcy Rule 8005, the Spectrum Claimants filed a motion before the Bankruptcy Court for a Stay of Debtors' efforts to voluntarily terminate the registration of Kaiser Group Holdings common stock pending final disposition of the Bankruptcy Court's February 2, 2004 decision granting Claimants' Motion for Resolution of the Class Proof of Claim. *See* Exhibit F to Tarringer Aff. Kaiser responded to the Spectrum Motion on May 24, 2005. *See* Exhibit G to Tarringer Aff.

14. Rule 8005 provides that "[a] motion . . . for other relief pending appeal must ordinarily be presented to the bankruptcy judge in the first instance . . . . [T]he bankruptcy judge may . . . make any other appropriate order during the pendency of an appeal on such terms as will protect the rights of all parties in interest."

15. Because the marketability of Kaiser New Common Stock almost certainly will diminish between now and the end of the appellate process as a result of Kaiser's planned deregistration of its common stock with the SEC, a Stay of Debtors' deregistration efforts should be entered to secure Pippin and the Class, as the prevailing party, against Kaiser's efforts to change the status quo to the detriment of the Spectrum Class, who has been forced to forgo execution on the Bankruptcy Court's judgment during the course of Debtors' appeal.

16. All of the elements necessary for a stay to be entered are present in that: (1) there is a strong likelihood that Pippin and the Class will be successful on the merits of the appeal of the Bankruptcy Court's February 2, 2004 Order; (2) the Spectrum Class will suffer substantial irreparable injury if no stay is issued; (3) substantial harm will not be suffered by other parties if the stay is granted; and (4) issuance of the stay will not harm the public interest.

17. On May 31, 2005, the Bankruptcy Court held a hearing on the matter and denied the Spectrum Claimants' motion, concluding, among other things, that no jurisdiction existed for the Bankruptcy Court to get involved in post confirmation corporate governance matters, despite the inequity of the circumstances. Hearing Transcript, dated 5/31/05, at 32-33 (attached in full as Exhibit H to the Tarringer Aff.).

18.     On June 2, 2005, the Bankruptcy Court signed and entered the Debtors' form of Order denying the Spectrum Claimants' motion, stating that "the Court is without subject-matter jurisdiction to grant the relief requested in the motion." *See* June 2, 2005 Order, attached to Tarringer Aff. as part of Exhibit A.

19.     All grounds advanced in support of the relief requested by this Emergency Motion were submitted to the Bankruptcy Court and denied. Accordingly, this motion should not be remanded to the bankruptcy judge for reconsideration. *See* Tarringer Aff. at ¶ 14.

20.     The office addresses and telephone numbers of Co-counsel for Debtors are as follows:

G. Christopher Meyer, Esquire
Squire, Sanders & Dempsey L.L.P.,
4900 Key Tower
127 Public Square
Cleveland, OH 44114
Phone: (216) 479-8500
Co-Counsel for Debtors

Mark Minuti, Esquire
Saul Ewing LLP
222 Delaware Avenue, Suite 1200
P.O. Box 1266
Wilmington, DE 19899
Phone: (302) 421-6800
Co-Counsel for Debtors

*See* Tarringer Aff. at ¶ 15.

21.     On June 8, 2005, counsel for the Spectrum Claimants notified counsel for the Debtors by telephone that an Emergency Notice of Appeal would be filed with the Bankruptcy Court that same day and that an Emergency Motion would be filed with the District Court to take expedited action on the appeal, so that opposing counsel would have every opportunity to prepare a response. *See* Tarringer Aff. at ¶ 16. In addition, Debtors' counsel was informed of what documents the Spectrum Claimants would be submitting as exhibits to the Affidavit in Support of the Emergency Motion, so that the District Court would have a complete Record, on an expedited basis, before deciding this Motion. *Id.*

22. The Spectrum Claimants filed their Emergency Notice of Appeal with the Bankruptcy Court on June 8, 2005, expressly stating that a Motion would be filed with the District Court to take expedited action on the ground that, to avoid irreparable harm, relief is needed in less time than would normally be taken by the District Court to consider a bankruptcy appeal. *See* Tarringer Aff. at ¶ 17.

WHEREFORE, Claimant Pippin and the Class request that this Court conduct an emergency review the Bankruptcy Court's denial of the Spectrum Claimants' motion to stay Debtors' efforts to deregister its common stock pending final disposition of the February 2, 2004 Order granting the Pippin Motion for Resolution of the Class Claim.

Date: June 10, 2005

Respectfully Submitted:

Pamela S. Tikellis (DE Bar # 2172)
A. Zachary Naylor (DE Bar # 4439)
**CHIMICLES & TIKELLIS**
One Rodney Square
P.O. Box 1035
Wilmington, DE 19899
Tel: (302) 656-2500

William R. Kane
Michael S. Tarringer
**MILLER FAUCHER AND CAFFERTY LLP**
One Logan Square, Suite 1700
18th and Cherry Streets
Philadelphia, PA 19103
Tel: (215) 864-2800

Attorneys for Appellants,
James D. Pippin and the Class of ICT Spectrum Claimants

7

## RULE 7.1.1 CERTIFICATE

I hereby certify that the subject of Appellants' Emergency Motion for Expedited Action on the Appeal of the Bankruptcy Court's June 2, 2005 Order has been raised with counsel for Plaintiffs, but that the parties have not been able to reach an agreement.

**CHIMICLES & TIKELLIS LLP**

*/s/ A. Zachary Naylor*
Pamela S. Tikellis (#2172)
A. Zachary Naylor (#4439)
One Rodney Square
P.O. Box 1035
Wilmington, DE 19899
Telephone: (302) 656-2500

William R. Kane
Michael S. Tarringer
**MILLER FAUCHER AND CAFFERTY LLP**
One Logan Square, Suite 1700
18th and Cherry Streets
Philadelphia, PA 19103
Telephone: (215) 864-2800

Attorneys for Appellants,
James D. Pippin and the Class of ICT Spectrum Claimants

June 10, 2005