IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>KAISER GROUP INTERNATIONAL, INC., et al.<br><br>Debtors | Chapter 11<br><br>Case Nos. 00-2263 to 00-2301 (MFW) |
| James D. Pippin and the Class of ICT Spectrum Bankruptcy Claimants,<br><br>Appellants,<br>v.<br><br>Kaiser Group International, Inc., et al.<br><br>Appellees. | Civil Action No. _____ |

**AFFIDAVIT OF MICHAEL S. TARRINGER IN SUPPORT OF EMERGENCY MOTION FOR EXPEDITED ACTION ON THE APPEAL OF THE BANKRUPTCY COURT'S JUNE 2, 2005 ORDER**

COMES NOW Michael S. Tarringer, being first duly sworn and deposes and says:

1. I am an associate attorney with Miller Faucher and Cafferty LLP, counsel for Claimant James D. Pippin and the Class of ICT Spectrum Claimants in the above-captioned litigation. I give this Affidavit of my personal knowledge.

2. Appellants James D. Pippin and the Class of ICT Spectrum Claimants ("Appellants" or the "Spectrum Claimants") have appealed under 28 U.S.C. § 158(a) from the Order entered by the Honorable Mary F. Walrath, Chief Bankruptcy Judge, on June 2, 2005, denying the Spectrum Claimants' Motion for a Stay of the De-Registration of Kaiser Group Holdings Common Stock Pending the Final Disposition of the

Bankruptcy Court's February 2, 2004 Order. *See* Notice of Appeal filed with the Bankruptcy Court along with the June 2, 2005 Order, attached hereto as Exhibit A.

3. The February 2, 2004 Order entered by the Bankruptcy Court granted the Pippin Motion for Resolution of the Class Claim and awarded Pippin and the Class 247,350 shares of Kaiser Group Holdings New Common Stock in addition to 15,625 shares of New Common Stock already due to be distributed to Pippin and the Class. *See* February 2, 2004 Order, attached hereto as Exhibit B.

4. In response to the Spectrum Claimants attempt to execute on the Bankruptcy Court's February 2 judgment, Debtors moved for a Stay of the Bankruptcy Court's February 2, 2004 Order. On August 18, 2004, the Bankruptcy Court held a hearing on the matter and ruled in favor of Kaiser at the close of that proceeding. *See* Hearing Transcript, dated 8/18/04, attached hereto as Exhibit C.

5. On October 5, 2004, the Bankruptcy Court entered an Order granting Kaiser's Motion for a Stay of the Court's February 2, 2004 Order pending the final completion of all appellate proceedings, conditioned on Kaiser continuing to set aside and hold all 262,975 shares of New Common Stock for the benefit of the Spectrum Class, pending further Order of the Bankruptcy Court. *See* Bankruptcy Court Order, dated 10/5/04, attached hereto as Exhibit D. *See also* Declaration of Marian P. Hamlett, attached at Exhibit E.

6. On or about April 7, 2005, Kaiser announced that its Board of Directors has approved a 1-for-20 reverse stock split of its common stock. According to information released by Kaiser, the proposed reverse split is subject to approval by the holders of a majority of the voting power of issued and outstanding shares of Kaiser

3

Group common and preferred stock at Kaiser's next annual meeting, currently expected to be held some time during the month of July of this year.

7. According to information released by Debtors, the purpose of the reverse split is to reduce the number of Kaiser stockholders below 300, thereby allowing the Company to terminate its Securities and Exchange Commission ("SEC") reporting obligations. As a result, Kaiser would no longer be required to file periodic reports, including Forms 10-K, 10Q and 8-K, and other information with the SEC, which Kaiser claims would result in cost-saving benefits to the Company.

8. Because Kaiser's actions are expected to result in substantial harm to the Spectrum Claimants, on May 6, 2005, the Spectrum Claimants filed a Motion to Stay the De-Registration of Kaiser Group Holdings Common Stock Pending the Final Disposition of the Bankruptcy Court's February 2, 2004 Order. *See* Spectrum Claimants' Motion with exhibits, attached hereto as Exhibit F.

9. Kaiser responded to the Spectrum Motion on May 24, 2005. *See* Response with exhibits, attached hereto as Exhibit G.

10. On May 31, 2005, the Bankruptcy Court held a hearing on the Spectrum Claimants' motion and concluded, among other things, that no jurisdiction existed for the Bankruptcy Court to get involved in post confirmation corporate governance matters, despite the inequity of the circumstances. Hearing Transcript, dated 5/31/05, at 32-33, the full transcript of which is attached hereto as Exhibit H.

11. The Bankruptcy Court also ruled that it did not have the authority to issue any type of relief to the Spectrum Claimants during the pendency of the appeal of the

Bankruptcy Court's February 2, 2004 Order under Kaiser's Plan of Reorganization. *Id.* *See also* Kaiser Second Am. Plan of Reorganization, attached hereto as Exhibit I.

12. On June 2, 2005, the Bankruptcy Court signed and entered the Debtors' form of Order denying the Spectrum Claimants' motion. The Order specifically states: "the Court is without subject-matter jurisdiction to grant the relief requested in the motion." *See* June 2, 2005 Order, attached as part of Exhibit A hereto.

13. The Spectrum Claimants have filed this appeal on an emergency basis and hereby request expedited action pursuant to Bankruptcy Rule 8011(d) on the ground that, to avoid irreparable harm, relief is needed in less time than would normally be taken by the District Court to review and consider a bankruptcy appeal.

14. All grounds advanced in support of the relief requested by this Emergency Motion were submitted to the Bankruptcy Court and denied. Accordingly, this motion should not be remanded to the bankruptcy judge for reconsideration.

15. The office addresses and telephone numbers of Co-counsel for Debtors are as follows:

G. Christopher Meyer, Esquire
Squire, Sanders & Dempsey L.L.P.,
4900 Key Tower
127 Public Square
Cleveland, OH 44114
Phone: (216) 479-8500
Co-Counsel for Debtors

Mark Minuti, Esquire
Saul Ewing LLP
222 Delaware Avenue, Suite 1200
P.O. Box 1266
Wilmington, DE 19899
Phone: (302) 421-6800
Co-Counsel for Debtors

16. In accordance with Bankruptcy Rule 8011(d), counsel for the Spectrum Claimants, on June 8, 2005, notified counsel for the Debtors by telephone that an Emergency Notice of Appeal of the Bankruptcy Court's June 2, 2005 Order would be filed and that an Emergency Motion would soon be filed with the District Court to take expedited action on the appeal, so that opposing counsel would have every opportunity to

prepare a response. In addition, Debtors' counsel was informed of what documents the Spectrum Claimants would be submitting as exhibits to this Affidavit in Support of the Emergency Motion, so that the District Court would have a complete Record, on an expedited basis, before deciding this Motion.

17. The Spectrum Claimants filed their Emergency Notice of Appeal with the Bankruptcy Court on June 8, 2005, expressly stating that a Motion would be filed with the District Court to take expedited action on the ground that, to avoid irreparable harm, relief is needed in less time than would normally be taken by the District Court to review and consider a bankruptcy appeal.

Further your affiant sayeth not.

Respectfully submitted this 9th day of June, 2005

Michael S. Tarringer

*/s/ Michael S. Tarringer*

SUBSCRIBED AND SWORN on before me this 9th day of June, 2005

*/s/ Sheldon Bender*
Notary Public

NOTARIAL SEAL
SHELDON BENDER, Notary Public
City of Philadelphia, Phila. County
My Commission Expires May 2, 2006

5