

**SAUL EWING**
Attorneys at Law
A Delaware LLP

MARK MINUTI
Phone: (302) 421-6840
Fax: (302) 421-5873
mminuti@saul.com
www.saul.com

June 15, 2005

**BY HAND**

The Honorable Joseph J. Farnan, Jr.
United States District Court
844 North King Street, Room 4209
Wilmington, DE 19801

      RE:  **Pippin//ICT Spectrum v. Kaiser Group**
              **Civil Action No. 05-384**

Dear Judge Farnan:

      I have received copies of the letter sent to you by Zachary A. Naylor on June 10, 2005, together with the pleadings and other materials which Mr. Naylor enclosed with his letter. I was one of the attorneys who represented Kaiser Group International during its chapter 11 reorganization and I have continued to represent Kaiser Group Holdings, Inc., the reorganized company under the Debtor's Plan of Reorganization.

      Mr. Naylor's letter asks that Your Honor provide highly unusual relief. They are seeking a ruling by the Court prior to the time when their appeal is even docketed. Their rationale for this request appears to be (1) that the actions they seek to enjoin may be taken prior to their having the opportunity for appellate review, and (2) that the stock price of Kaiser shares will diminish during the appellate process. Neither of these conclusions has any basis. The Pippin/ICT plaintiffs filed a motion in the bankruptcy court asking that the reorganized company be enjoined from submitting a de-registration proposal for the vote of its shareholders. At the time, we advised the movants that proxy materials have not been approved by the SEC and that any possible shareholders' meeting was more than 30 days away. That statement remains true today. Second, their forecast of a declining share price, even if relevant, is not born out by the facts. To the contrary, the share price of Kaiser common stock has risen since the original filings with the SEC.

      Bankruptcy Judge Walrath concluded that she did not have authority, under Fed.R.Bankr.P. 8005 or elsewhere, to grant the injunction requested by the Pippin/ICT parties. They now seek relief from this Court on the same "emergency" schedule they argued to Judge Walrath. We request that the Court afford and appropriate level of process to permit a considered evaluation of the ruling below. While we believe that the movants' request for relief

P.O. Box 1266 ♦ Wilmington, DE 19899-1266 ♦ Phone: (302) 421-6800 ♦ Fax: (302) 421-6813
Courier Address: 222 Delaware Avenue, Suite 1200 ♦ Wilmington, DE 19801-1611

BALTIMORE    CHESTERBROOK    HARRISBURG    NEWARK    PHILADELPHIA    PRINCETON    WASHINGTON    WILMINGTON
A DELAWARE LIMITED LIABILITY PARTNERSHIP

522552.1 6/15/05

The Honorable Joseph J. Farnan, Jr.
June 15, 2005
Page 2

is both procedurally and substantively defective, we are prepared to respond to movants' request for expedited relief, as well as the merits of their appeal, within a time frame that would permit the Court to consider and decide the matter by mid-July, prior to any meeting of the Kaiser shareholders. Accordingly, we would request that the Court deny movants' request for "emergency" relief and enter an appropriate briefing schedule on the movants' appeal.

In the interest of providing some balance to the materials before you in considering their extraordinary request, I have taken the liberty of enclosing the copy of the response filed by Kaiser before Judge Walrath. We will be happy to participate in any discussion of appropriate scheduling to consider the movants' appeal.

Thank you for your consideration of the unusual nature of this submission.

Respectfully submitted,

Mark Minuti

GM/MM/rew
Enclosure
cc:   Clerk, United States District Court
      Zachary A. Naylor, Esq. (w/enc.) (via telecopy)
      Michael S. Tarringer, Esq. (w/enc.) (via telecopy)

522552.1 6/15/05