## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| KAISER GROUP INTERNATIONAL, INC., et al. | Case Nos. 00-2263 to 00-2301 (MFW) |
| Debtors | |
| James D. Pippin and the Class of ICT Spectrum Bankruptcy Claimants, | Civil Action No. 05-384-JJF |
| Appellants, | |
| v. | |
| Kaiser Group International, Inc., et al. | |
| Appellees. | |

### BRIEF IN SUPPORT OF
### APPELLANTS' MOTION FOR WAIVER OF MEDIATION OF THE
### APPEAL OF THE BANKRUPTCY COURT'S JUNE 2, 2005 ORDER

Pamela S. Tikellis (DE Bar # 2172)
A. Zachary Naylor  (DE Bar # 4439)
CHIMICLES & TIKELLIS LLP
One Rodney Square
P.O. Box 1035
Wilmington, DE  19899
Tel: (302) 656-2500

William R. Kane
Michael S. Tarringer
MILLER FAUCHER AND CAFFERTY LLP
One Logan Square, Suite 1700
18th and Cherry Streets
Philadelphia, PA  19103
Tel: (215) 864-2800

*Attorneys for Appellants,*

*James D. Pippin and the Class of ICT Spectrum Bankruptcy Claimants*

Dated:  August 2, 2005

## TABLE OF CONTENTS

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .. . . . . . . .ii

I.      ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

II.     CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

## TABLE OF AUTHORITIES

### RULES

Fed. R Bankr. P. Rule 8005 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

### OTHER

U.S.D.C. Dist. of DE Standing Order, dated 07/23/04 . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Appellants James D. Pippin and the Class of ICT Spectrum Claimants ("Appellants" or the "Spectrum Claimants") hereby submit this brief in support of their motion for an Order waiving mandatory mediation of their appeal from the Order entered by the Honorable Mary F. Walrath, Chief Bankruptcy Judge, on June 2, 2005, denying the Spectrum Claimants' Motion for a Stay of the De-Registration of Kaiser Group Holdings Common Stock Pending the Final Disposition of the Bankruptcy Court's February 2, 2004 Order.

## I.    ARGUMENT

On February 2, 2004, the Bankruptcy Court entered an Order granting Appellants 247,350 shares of Kaiser Group Holdings New Common Stock in addition to 15,625 shares of New Common Stock already due to be distributed to the Spectrum Claimants. This Court affirmed the Bankruptcy Court's Order awarding those shares of Kaiser New Common Stock on June 24, 2005.    Kaiser recently appealed this Court's June 24 decision.

During this appellate process, Kaiser, on April 7, 2005, announced that its Board of Directors approved a 1-for-20 reverse stock split of its common stock. The proposed reverse split is subject to approval by the holders of a majority of the voting power of issued and outstanding shares of Kaiser Group common and preferred stock at Kaiser's next annual meeting, which could be held as early as next month.

According to information released by Kaiser, the purpose of the reverse split is to reduce the number of Kaiser stockholders to below 300, thereby allowing the Company to terminate its SEC reporting obligations.    As a result, Kaiser would no longer be

required to file periodic reports, including Forms 10-K, 10Q and 8-K, and other information with the SEC.

Because the marketability of Kaiser New Common Stock almost certainly will diminish between now and the end of the appellate process as a result of Kaiser's planned deregistration of its common stock with the SEC, the Spectrum Claimants filed a motion before the Bankruptcy Court for a Stay of Debtors' efforts to voluntarily terminate the registration of Kaiser Group Holdings common stock pending final disposition of the Bankruptcy Court's February 2, 2004 decision granting Claimants' Motion for Resolution of the Class Proof of Claim.

Bankruptcy Rule 8005 provides that "[a] motion . . . for other relief pending appeal must ordinarily be presented to the bankruptcy judge in the first instance . . . . [T]he bankruptcy judge may . . . make any other appropriate order during the pendency of an appeal on such terms as will protect the rights of all parties in interest." Accordingly, Appellants, pursuant to Bankruptcy Rule 8005, sought a Stay of Debtors' deregistration efforts to secure Pippin and the Class, as the prevailing party, against Kaiser's efforts to change the status quo to the detriment of the members of the Spectrum Class, who have been forced to forgo execution on the Bankruptcy Court's judgment during the course of Debtors' appeal.

On May 31, 2005, the Bankruptcy Court held a hearing on the matter and denied the Spectrum Claimants' motion, concluding, among other things, that no jurisdiction existed for the Bankruptcy Court to get involved in post confirmation corporate governance matters, despite the inequity of the circumstances. On June 2, 2005, the

Bankruptcy Court signed and entered the Debtors' form of Order denying the Spectrum Claimants' motion, finding that the Bankruptcy Court was without subject-matter jurisdiction to grant the relief requested in the motion. The Spectrum Claimants then filed an Emergency Notice of Appeal of the Bankruptcy Court's June 2 Order on June 8, 2005, and subsequently filed an emergency motion with this Court requesting expedited action on the ground that, to avoid irreparable harm, relief is needed in less time than would normally be taken by this Court to consider a bankruptcy appeal. *See* Emergency Motion For Expedited Action On The Appeal Of The Bankruptcy Court's June 2, 2005 Order, Supporting Brief and the Affidavit Of Michael S. Tarringer with attached Exhibits A through I ("Tarringer Aff."), filed June 10, 2005. (D.I. 1, 2 and 4.)

Given the time-sensitivity of this matter, and the harm that Appellants will almost certainly suffer if Kaiser's stock deregistration efforts are not stayed, *see* Declaration of Dr. Craig McCann In Support of Spectrum Claimants' Motion for Stay, attached as part (Ex. B) of Exhibit F to the Tarringer Aff. (D.I. 4.), the delay caused by requiring the parties to comply with the mediation procedures recently adopted by this Court for all bankruptcy appeals would be prejudicial to the Appellants. In the event that the Court is not inclined to waive mediation of this bankruptcy appeal, Appellants alternatively request that briefing before this Court not be deferred during the pendency of mediation.[1]

---

[1] This Court's June 23, 2004 Standing Order regarding mediation of bankruptcy appeals provides that: "Briefing shall be deferred during the pendency of mediation unless the Court determines otherwise."

3

## II.    CONCLUSION

Based on the above, Appellants' motion requesting that this Court waive mediation of their emergency appeal of the Bankruptcy Court's June 2, 2005 Order should be granted.

Date:  August 2, 2005

Respectfully Submitted:

Pamela S. Tikellis (DE Bar # 2172)
A. Zachary Naylor  (DE Bar # 4439)
**CHIMICLES & TIKELLIS**
One Rodney Square
P.O. Box 1035
Wilmington, DE  19899
Tel: (302) 656-2500

William R. Kane
Michael S. Tarringer
**MILLER FAUCHER AND CAFFERTY LLP**
One Logan Square, Suite 1700
18th and Cherry Streets
Philadelphia, PA  19103
Tel: (215) 864-2800

Attorneys for Appellants,
James D. Pippin and the Class of ICT Spectrum Claimants